**Charles Edwin YOUNG and Daphne Young, Husband and Wife, Plaintiffs,**

v.

**DEERE AND COMPANY, INC., Defendant.**

**Civ. A. No. 91–2157–0.**

United States District Court, D. Kansas.

Nov. 24, 1992.

Jeffrey L. Baxter, Chapman, Waters & Baxter, Leavenworth, KS, Laurence M. Kelly, Kelly & Kelly, Montrose, PA, for plaintiffs.

Curtis L. Tideman, Lathrop & Norquist, Overland Park, KS, Robert K. Johnston, Peter F. Daniel, Thomas S. Stewart, Lathrop & Norquist, Kansas City, MO, for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on defendant's motion for summary judgment (Doc. # 78). For the reasons set forth below, defendant's motion will be denied.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Clemmons v. Bohannon*, 956 F.2d 1523, 1525 (10th Cir.1992) (quoting Fed.R.Civ.P. 56(c)). An issue is "material" only when the controversy is over facts that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, establishing for the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Under Rule 56(a), summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. To withstand a motion for summary judgment, the nonmoving party is required to "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). The nonmoving party must produce "specific facts showing that there is a genuine issue for trial." *Id.* at 587, 106 S.Ct. at 1356 (quoting Rule 56(e)). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

Where the nonmoving party makes a showing of contested facts, the court must consider factual inferences tending to show triable issues in the light most favorable to the nonmoving party. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). If the nonmoving party fails to properly respond to the motion for summary judgment, the facts as set forth by the moving party are deemed admitted for purposes of the summary judgment motion. D.Kan. Rule 206(c).

D.Kan.Rule 206(c) requires the moving party to set forth, in numbered paragraphs, "a concise statement of material facts as to which the movant contends no genuine issue exists." The party opposing summary judgment is then required to respond, by refer-

encing the movant's numbered paragraphs, with "a concise statement of material facts as to which the party contends a genuine issue exists." Although both parties fail to comply with these mandates of D.Kan. 206, the court will attempt to discern each party's position on the facts and consider the motion on the merits.

The uncontroverted facts appear to be as follows. Charles Young was seriously injured while mowing with a John Deere 318 Lawn and Garden tractor when it overturned as it left the normal mowing area, travelled up a steep, rocky incline and struck a tree. There were no witnesses to the accident. Charles Young was trapped under the tractor for approximately seventeen hours before he was rescued. Defendant Deere & Company manufactured the tractor. The tractor was not equipped with a roll over protective system ("ROPS").

■ Defendant Deere & Company contends that plaintiffs Charles and Daphne Young base their claim solely on the theory of enhanced injury thus raising the issue of the doctrine commonly known as "crashworthiness" or "second collision." Further, defendant contends that summary judgment is appropriate because Kansas does not recognize the doctrine of crashworthiness. We disagree. In *Stueve v. American Honda Motors Company*, 457 F.Supp. 740 (D.Kan. 1978), Judge Rogers held that Kansas would adopt the "second collision" doctrine.

Four years later, the Kansas Supreme Court discussed the doctrine of "crashworthiness" in *Albertson v. Volkswagenwerk*, 230 Kan. 368, 634 P.2d 1127, 1130 (1981). The court noted that it "has never had occasion to rule on the availability of the second collision theory in Kansas" and concluded, "[t]he nature of the question before us does not require that we do so now." *Albertson* reached the Kansas Supreme Court on an order issued by United States District Court Judge Theis certifying a controlling question of law regarding the then new Kansas comparative fault statute. The court did not decide the question of whether Kansas recognizes the doctrine of second collision because it was not before the court.

*Stueve* was decided three years prior to *Albertson*. We cannot conclude that, absent an express disclaimer of the crashworthiness doctrine, the dicta in *Albertson* suffices to reject the doctrine. It is equally reasonable to conclude that the failure of the Kansas Supreme Court to use the opportunity presented by *Albertson* to disclaim the doctrine serves to implicitly approve Judge Rogers' conclusion in *Stueve* that the doctrine applies in Kansas. Thus, in accord with *Stueve*, we hold that Kansas would follow the majority of states [1] recognizing the doctrine of crashworthiness and allow recovery for design defects leading to injury from the secondary impact.

■ Defendant next contends that even if the doctrine of crashworthiness is generally recognized in Kansas, it would not apply here because the scope of the doctrine is limited to automobiles. Thus, Kansas would not apply it to the lawn and garden tractor here. We disagree. Although the court in *Larsen v. General Motors Corporation*, 391 F.2d 495, 502 (8th Cir.1968) addressed automobiles, we do not believe that the crashworthiness doctrine is limited to automobiles alone. Rather, as other courts have found, the rationale behind the doctrine justifies extension beyond automobiles. *See, e.g., Roe v. Deere*, 855 F.2d 151 (3d Cir.1988) (applying doctrine to agriculture tractor); *Farmer v. International Harvester Co.*, 97 Idaho 742, 553 P.2d 1306, 1315 (1976) (applying doctrine to truck-tractor).

We believe that Kansas would follow this trend and apply the crashworthiness doctrine to the lawn and garden tractor in the present case. Although plaintiff has at best made only a minimal showing of evidence beyond mere allegations, out of an abundance of caution, summary judgment is denied because factual disputes remain over whether the plaintiff qualifies for application of the doctrine of second collision. *See Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514 (a party opposing summary judgment is required to

---

1. *See Huff v. White Motor Corp.*, 565 F.2d 104 (7th Cir.1977) (for a list of citations to thirty jurisdictions adopting the doctrine as of 1977).

offer evidence beyond mere allegations to withstand summary judgment).

■ Drawing all factual inferences in the light most favorable to Young as the nonmoving party, the court finds that genuine issues of material fact remain on defendant's remaining contentions. Whether defendant had a duty to warn plaintiff and whether the absence of the ROPS equipment is a patent, open, and obvious risk are questions of fact for the jury. Similarly, the question of whether plaintiff took or could have taken precautionary measures to prevent his injuries are questions of fact for the jury. Finally, genuine issues of material fact remain on the issue of causation.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. # 78) is denied.